IN THE SUPREME COURT OF THE STATE OF DELAWARE

GENE L. FULTON,                     §
                                    §
        Defendant Below,            §  No. 123, 2025
        Appellant,                  §
                                    §  Court Below—Superior Court
        v.                          §  of the State of Delaware
                                    §
STATE OF DELAWARE,                  §  Cr. ID No. 1508009967 (N)
                                    §
        Appellee.                   §

Submitted: May 12, 2025
Decided:   July 1, 2025

## ORDER

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Gene L. Fulton, filed this appeal from a Superior Court order denying his motion under Superior Court Rule of Criminal Procedure 35. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Fulton's opening brief that his appeal is without merit. We agree and affirm.

(2)    On August 13, 2015, Fulton broke into a senior citizen's home and stole some jewelry. A grand jury indicted him for second-degree burglary, theft from a senior, and driving a vehicle while his license was suspended or revoked. Fulton

pleaded guilty to the burglary and theft charges. In the plea agreement, Fulton agreed that he was subject to habitual offender sentencing under 11 *Del. C.* § 4214(a) and had the following prior felony convictions: second-degree burglary in September 2004, three counts of third-degree unlawful sexual penetration in July 1992, second-degree assault in July 1992, carrying a concealed deadly weapon in 1985, escape in 1981, and second-degree robbery in January 1981. The State agreed to cap its sentencing recommendation at twelve years. The truth-in-sentencing form that Fulton signed on the date of his plea stated that he faced a sentence up to life imprisonment on the second-degree burglary charge to which he was pleading guilty, with a minimum-mandatory sentence of eight years on that charge.

(3) On March 24, 2016, the State filed a motion to declare Fulton a habitual offender under Section 4214(a). The body of the motion identified the following predicate felony convictions: (i) carrying a concealed deadly weapon, for which Fulton was sentenced on January 9, 1986; (ii) second-degree assault, for which Fulton was sentenced on September 18, 1992; (iii) three counts of third-degree unlawful sexual intercourse, for which Fulton was sentenced on September 18, 1992;[1] and (iv) second-degree burglary, for which Fulton was sentenced on

---

[1] In that case, Fulton had been charged with four counts of third-degree unlawful sexual intercourse, among other offenses. Contrary to the statement in the body of the habitual-offender motion, in 1992 Fulton pleaded guilty to, and was sentenced for, three counts of third-degree unlawful sexual penetration, as lesser-included offenses of three of the original charges, and one count of endangering the welfare of a child. The exhibits to the habitual-offender motion demonstrated that history.

September 23, 2004. On April 29, 2016, the Superior Court granted the habitual-offender motion and sentenced Fulton as follows: (i) fifteen years of imprisonment for second-degree burglary, under Section 4214(a); and (ii) two years of imprisonment, suspended for decreasing levels of supervision, for theft from a senior.

(4) Fulton did not file a direct appeal. In June 2016, however, Fulton's counsel filed a motion for modification of sentence on his behalf. Shortly thereafter, Fulton filed a *pro se* "Motion for Modification of Sentence and/or Correction of an Illegal Sentence." In the *pro se* motion that he filed in 2016, Fulton asserted, among other things, that he told his counsel before sentencing that the habitual-offender motion contained an error—specifically, that it said Fulton had been convicted of three counts of third-degree unlawful sexual intercourse, although he was actually convicted of lesser-included offenses. The Superior Court denied the motions, and Fulton did not appeal.

(5) In June 2023, Fulton filed a *pro se* motion for correction of illegal sentence. He argued that he was erroneously declared a habitual offender, and his sentence for second-degree burglary therefore is illegal because it exceeds the statutory maximum penalty of eight years. More specifically, Fulton contended that the 1992 assault and sexual-penetration convictions were not separate predicate offenses under Section 4214(a) because he was convicted and sentenced for those

3

offenses on the same date, and he argued that he was sentenced on the basis of materially untrue information because the habitual-offender motion incorrectly stated that he was convicted of third-degree unlawful sexual intercourse.[2]

(6) After filing his *pro se* motion, Fulton retained counsel. Counsel then filed a 'Motion to Correct a Sentence Imposed in an Illegal Manner and Motion to Modify Sentence." That motion argued, based on the error in the habitual-offender motion as to the predicate sexual offenses, that Fulton's sentence was imposed in an illegal manner and that the error constituted extraordinary circumstances warranting consideration of the motion more than ninety days after sentencing.[3] After briefing, oral argument, supplemental briefing, and review of the record—including the transcript of the habitual-offender and sentencing proceeding—the Superior Court denied Fulton relief under Rule 35. The court held that the sentence is not illegal and that the error in the body of the habitual-offender motion did not warrant relief outside the ninety-day period for seeking correction of a sentence imposed in an illegal manner. Fulton has appealed to this Court.

(7) We review the denial of a motion under Rule 35 for abuse of discretion, although questions of law are reviewed *de novo*.[4] The Superior Court may correct

---

[2] *See supra* note 1 & accompanying text.
[3] *See* DEL. SUPER. CT. R. CRIM. PROC. 35(a), (b) (providing that in extraordinary circumstances the court may correct a sentence imposed in an illegal manner more than ninety days after the sentence is imposed).
[4] *Gladden v. State*, 2020 WL 773290, at *1 (Del. Feb. 17, 2020); *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

an illegal sentence at any time.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6] Motions for relief under Rule 35 on other grounds are subject to a ninety-day time bar, except in extraordinary circumstances.[7]

(8) We agree with the Superior Court's determination that Fulton's sentence is not illegal. When Fulton committed the burglary for which he received the habitual-offender sentence, Section 4214(a) provided in relevant part:

> Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State . . . and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.[8]

---

[5] DEL. SUPER. CT. R. CRIM. PROC. 35(a).
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] DEL. SUPER. CT. R. CRIM. PROC. 35(a), (b).
[8] 11 *Del. C.* § 4214(a) (effective July 3, 2013, to July 18, 2016).

The applicable version of Section 4201(c) designated second-degree burglary as a violent felony.[9] Thus, Fulton was subject to a sentencing range of eight years to life under Section 4214(a) if he had three prior felony convictions.[10] Fulton does not dispute that he had three separate, predicate felonies—carrying a concealed deadly weapon, second-degree assault, and second-degree burglary—even without considering the 1992 sexual offenses.[11] Fulton's fifteen-year sentence is not illegal.[12]

(9) The mistake in the habitual-offender motion also does not constitute extraordinary circumstances that overcome the requirement that motions seeking correction of a sentence imposed in an illegal manner—or otherwise seeking a sentence reduction—be brought within ninety days of sentencing. "'Extraordinary

---

[9] *See id.* § 4201(c) (effective June 2, 2015, to September 2, 2015) (designating Burglary in the Second Degree under 11 *Del. C.* § 825 as a violent felony).

[10] *See id.* § 825 (effective July 12, 2004, to September 15, 2019) (classifying second-degree burglary of a dwelling as a class D felony); *id.* § 4205(b)(4) (effective June 30, 2003, to present) (establishing a sentencing range of zero to eight years for a class D felony); *id.* § 4214(a) (effective July 3, 2013, to July 18, 2016) ("[T]he court in which such fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment . . . . Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony . . . [if] the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

[11] As noted above, Fulton agreed when he pleaded guilty that he was subject to habitual-offender sentencing under Section 4214(a) and had prior felony convictions that included second-degree burglary, second-degree assault, and carrying a concealed deadly weapon, in addition to the three counts of third-degree unlawful sexual penetration and other felonies.

[12] Fulton did not present to the Superior Court his argument that his sentence is illegal under *Erlinger v. United States*, 602 U.S. 821 (2024), and we will not consider the issue for the first time on appeal. DEL. SUPR. CT. R. 8.

6

circumstances' are circumstances that specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[13]  Fulton has not shown such circumstances; indeed, he asserted in a motion that he filed nearly a decade ago that the habitual-offender motion incorrectly identified the sexual offenses of which he was previously convicted.  Because Fulton's sentence is not illegal and he has not shown extraordinary circumstances to overcome the ninety-day time bar, the Superior Court appropriately denied his request for relief under Rule 35.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *Bodnari v. State*, 2019 WL 3945647, at *2 (Del. Aug. 20, 2019) (internal quotations omitted).